UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-12317-RGS

DR. FELIX GUZMAN RIVADENEIRA

v.

DEPARTMENT OF HOMELAND SECURITY, et al.

MEMORANDUM AND ORDER

July 8, 2015

STEARNS, D.J.

For the reasons set forth below, this case will be dismissed.

On June 11, 2015, pro se litigant Felix Guzman Rivadeneira filed this self-prepared Complaint in which he claims that the conditions of confinement for immigration detainees throughout the United States do not meet constitutional minimums. Rivadeneira is confined at the McHenry County Correctional Facility in Woodstock, Illinois. He complains that: (1) immigration detainees do not receive adequate medical care (including mental health care); (2) the conditions of confinement are similar to those of ordinary prisoners; (3) detainees are subject to physical, sexual, and verbal abuse; (4) detention centers do not provide adequate access to a meaningful grievance procedure; (5) detainees are not permitted freedom to exercise

religion; and (6) federal agencies and officers do not provide sufficient oversight of state-run immigration detention centers. Rivadeneira names as defendants the Department of Homeland Security, Immigration and Customs Enforcement, the United States Attorney General, the Chief Operator of the Detention Operation Manual, all wardens of jails and detention centers that contract with the federal government to house immigration detainees, all immigration Service Processing Centers, all Contract Detention Facilities, and all Intergovernmental Service Agreement Facilities. Rivadeneira purports to bring this action on the behalf of "the thousands of federal detainees and their families here in the United States of America and all over the world." Compl. at 3.

Prior to commencing this action, Rivadeneira filed an identical complaint in the Federal District Court for the Eastern District of Wisconsin. *See Guzman-Rivadeneira v. Dep't of Homeland Sec.*, C.A. No. 15-00551 (E.D. Wisc.). That court has ordered Rivadeneira to file an amended complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure. Since filing the complaint in the Eastern District of Wisconsin, Rivadeneira has filed the same complaint in approximately sixty other federal district courts, including this one.

It is pointless for Rivadeneira to maintain multiple actions based on identical complaints.  Federal courts have broad discretion to manage and control the litigation before them, *see, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962), and duplicate filings like this one are a waste of judicial resources.  To promote judicial economy and protect parties from vexatious and expensive litigation, a federal court may dismiss a suit when it is duplicative of a suit already pending in another federal court.  *See, e.g., Lea v. United States*, 120 Fed. Cl. 440, 446 (2015); *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 888-89 (7th Cir. 2012); *cf. Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts . . . the general principle is to avoid duplicative litigation.").

Moreover, pursuant to the venue statute, 28 U.S.C. § 1391, venue is improper here.  "A civil action may be brought in --

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Rivadeneira is confined at a correctional facility in Woodstock, Illinois.  In determining venue in a putative class action, courts look only to the allegations pertaining to the named representative(s).  *United States ex rel. Sero v. Preiser*, 506 F.2d 1115, 1130 (2d Cir. 1974) (venue for all claims proper in the district in which the named habeas corpus petitioner was confined).  Consequently, venue in Massachusetts is improper.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 465 n.7 (2004); *Moss v. Chrones*, 241 Fed.App'x. 461, 461-462 (10th Cir. 2007) ("[A] district court may . . . dismiss under § 1915 . . . for improper venue" regardless of whether the defendants raise the issue as an affirmative defense.").

## ORDER

The Court declines to entertain an action that is already pending in another federal district court, and that, in any event, venue is inappropriate in this district.  Accordingly, the Complaint is <u>DISMISSED</u>.  The Clerk will so note and close the case.

SO ORDERED.

/s/  Richard G. Stearns
UNITED STATES DISTRICT JUDGE